# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JERRY ROGER CORLEY, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **1:11CV228** |
| v. ) | **3:93CR135-1** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerry Roger Corley, Jr., a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 40.)[1] Petitioner was indicted on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), one count of carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He later pled guilty to the carrying and using a firearm and felon in possession counts. (Docket No. 8.) Petitioner was sentenced to 108 months of imprisonment on the felon in possession count and a consecutive 60 months of imprisonment on the carrying and using a firearm count. (Docket No. 16.) The

---

[1] This and all further cites to the record are to the criminal case.

108-month sentence was recently reduced to 87 months following retroactive application of the November 1, 2007 Amendments to the United States Sentencing Guidelines. (Docket No. 36.)

Following the entry of the original judgment, Petitioner filed a direct appeal, but it was unsuccessful. Then on March 3, 2011, the Court received a motion from Petitioner brought under § 2255 which was dated as being signed on February 28, 2011. (Docket No. 37.) After it was recommended that the motion be dismissed without prejudice based on procedural deficiencies, Petitioner filed his current § 2255 motion. He later filed a motion for summary judgment on his § 2255 motion. (Docket No. 44.) Respondent then responded to the § 2255 motion with a motion seeking to have it dismissed. (Docket No. 46.) Petitioner has filed a response to the motion to dismiss. (Docket No. 48.) All of the parties' pending motions are now before the Court for rulings. *See* Rule 8, Rules Governing Section 2255 Proceedings.

### Petitioner's Claims

Petitioner raises two interrelated claims for relief in his § 2255 motion. The first is that the sentencing judge erred in applying USSG § 5G1.3(b) in the formulation of the judgment in his case. He claims that this caused the United States Bureau of Prisons (BOP) to eventually deny him credit for a state sentence that he served. Second, he claims that circumstances described in his first claim resulted in a sentence that violated the Double Jeopardy Clause of the United States Constitution.

## Discussion

In deciding the parties' motions, the Court will first address Petitioner's motion for summary judgment. That motion is conclusory, unsupported, and not proper at this juncture in the case. Petitioner will either win or lose based on the claims in his § 2255 motion. No dispositive motion is required from him and his motion for summary judgment should be denied.

Turning next to Respondent's motion to dismiss. Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after

---

[2] "In [*Houston v. Lack*, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." *Morales-Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." *Id.* at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. *See Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); *but see Smith v. Woodard*, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that *Houston*'s rule governed filing date of § 2254 petition); *Ostrander v. Angelone*, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Petitioner's direct appeal was denied on April 14, 1995 and his conviction became final when his time for filing certiorari expired 90 days later on July 14, 1995. Where, as in this case, a petitioner's conviction became final prior to the effective date of AEDPA, he has one year from that effective date, or to and including April 23, 1997, to file his motion. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Petitioner's initial § 2255 motion was not dated as being signed by Petitioner until February 28, 2011, which makes that date the first date that he could have submitted it for mailing. Obviously, the motion was well out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful

governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Here, Petitioner contends that the facts underlying his motion first became known to him on December 15, 2010, when the BOP informed him that he would not receive credit for the portion of the state sentence that he now seeks to be credited for through his § 2255 motion. If this is correct, then his motion is timely because it was filed only about two and one half months later. A further discussion of the exact nature of Petitioner's claims is necessary in order to decide whether this is so.

The transcripts from Petitioner's sentencing reveal that, at the time of his sentencing, Petitioner was in the middle of serving a state sentence based on illegal drugs that were also cross-referenced to increase his federal sentence. (Docket No. 21 at 2-4.) The sentencing judge stated that he would take this into account by making Petitioner's state sentence concurrent with his federal sentence. (*Id*. at 5.) This was in accordance with the recommendation of the Probation Officer in the Presentence Report. (*Id*. at 6; PSR

Sentencing Recommendation.³) Then, in pronouncing sentence, the judge stated that he was sentencing Petitioner "to the lowest portion of the guideline range, which would be 108 months," that the sentence would "run concurrently with the time which [Petitioner] has received in state court on the drug offenses to which cross-referencing was made," and that Petitioner would "receive full credit thereby against his federal sentence for any time which he has received as a result of the state court action." (Docket No. 22 at 19.) A few days later, when the written judgment was entered, it stated that Petitioner was sentenced to 108 months on the § 922(g) count with that sentence "to run concurrently with State court drug offenses to which cross referencing was made in this case and that he receive full credit against his Federal sentence for any time which he has received as a result of the State court action." (Docket No. 16.)

According to Petitioner, the BOP first credited him with both the portion of his state sentence served before he received his federal sentence and the portion of his state sentence that he served after his sentencing. However, in the letter dated December 15, 2010, it notified him that the credit for the portion of his state sentence served prior to his federal

---

³ That recommendation was for a sentence of 107 months, or one month less than Petitioner actually received on the § 922(g) count. However, it was also based on a calculated guidelines range of 121 to 151 months, but was capped by a 120-month statutory limit. The PSR then deducted 13 months for time already served on the state sentence to arrive at the recommendation of 107 months. At sentencing, Petitioner's Guidelines range was determined to actually be 108 to 135 months. (Docket No. 22 at 13.) Subtracting the 13 months would then have resulted in a range of 95 to 122 months.

sentencing could not be credited to him according to 18 U.S.C. § 3585(b). (Docket No. 40, Ex.) The letter stated that the prior credit had been "incorrectly applied."

Respondent has not disputed these basic facts. Instead, it argues that the letter is not relevant to Petitioner's claims because he contends at one point in his motion that the sentencing judge gave him the credit and he cannot then use the letter to show that he did not. (Docket No. 46 at 4.) It also contends that Petitioner's real claims are that the BOP erred in revoking the credit and that, because the claims contest the computation of his sentence, they should have been filed under 28 U.S.C. § 2241 in the district where he is incarcerated and not under § 2255 in this District. (*Id*. at 4-5.)

Turning to the government's second contention first, Petitioner makes it clear in his response brief that the first claim for relief in his § 2255 motion is not that the BOP erred in its calculation, but that the sentencing judge "erred in the imposition of sentence by not employing the application note 2 of the United States Sentencing Guideline § 5G1.3(b)." (Docket No. 48 at 3.) Petitioner contends that the judge should have reduced his 108-month sentence by 13 months and then had his federal sentence run concurrently with the remainder of his state sentence. This does appear to be a correct, albeit clearer, statement of Petitioner's original claim. Petitioner also makes it clear that he is not contending that the sentencing judge successfully gave him credit for the portion of the state sentence that he had already served. He instead claims that the judge intended to give him credit, but did not actually do so because the oral sentence and judgment were not formulated according to the methods set

out in USSG § 5G1.3(b) and its current application notes.[4] This caused him not to receive the intended credit. However, this fact was hidden from Petitioner by the BOP's initial decision to give him the credit. It was only when the BOP determined that § 3585(b) prohibited the credit and notified Petitioner of its decision that he became aware of the problem.

The Court finds Petitioner's arguments on this point to be persuasive. Given the discussion at sentencing, the language in the written judgment, and the BOP's initial decision to give Petitioner full credit for his state sentence, it cannot be said that a reasonable person would have discovered the alleged error prior to December 15, 2010, when the BOP apparently notified Petitioner of its decision to revoke part of the credit for his state sentence. For that reason, the undersigned finds that the § 2255 motion appears timely under subsection (f)(4) and that the motion to dismiss should be denied. Now that Petitioner's claims have been clarified through the briefing of that motion, Respondent should respond to the § 2255 motion on its merits.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion for summary judgment (Docket No. 44) and Respondent's Motion to Dismiss (Docket No. 46) be denied.

---

[4] USSG § 5G1.3 and its application notes have undergone several amendments in the years following Petitioner's sentencing.

**IT IS ORDERED** that the United States Attorney is directed to file a response to merits of Petitioner's § 2255 claims within sixty (60) days from the date of the entry of this Order.

                                                        /s/ P. Trevor Sharp
                                                 United States Magistrate Judge

Date: January 31, 2012